UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Case No. 20-cr-150 (NEB/BRT)
Case No. 99-cr-278 (DWF)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

GREGORY LYNN MCCOY,

        Defendant.

**ORDER OF DETENTION**

This matter came before the Court on August 4, 2020, for a detention hearing. The defendant Gregory McCoy appeared in custody and was represented by his attorney, Kevin O'Brien. The United States was represented by Assistant United States Attorney Joseph Teirab. The hearing was held via video teleconference ("VTC") due to the COVID-19 pandemic. Mr. McCoy was informed of his right to an in-person hearing, but consented to the hearing proceeding by VTC.

At the hearing, the United States advised the Court that it was persisting in its motion to detain Mr. McCoy pending trial in this matter. Probation Officer Quinten Billingslea provided testimony. The Court considered the information contained in the Pretrial Services Report and heard argument. For the reasons stated below, the Court will grant the government's motion for detention.

Mr. McCoy is charged by Indictment with one count of armed career criminal in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) and 924(e).

In considering the government's motion for pretrial detention, the Court evaluates whether any condition or combination of conditions will reasonably assure Mr. McCoy's appearance as required, as well as the safety of any other person and the community, if he is released.  18 U.S.C. § 3142(e); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003); *United States v. Sazenski*, 806 F.2d 846, 848 (8th Cir. 1986).

Factors to be considered are (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a firearm; (2) the weight of the evidence against the person; (3) the history and characteristics of the defendant, including such things as his character, mental condition, community ties, past conduct, criminal history, and whether he was under a criminal justice sentence or supervision at the time of the offense; and (4) the nature and seriousness of the danger to any person or the community posed by the defendant's release.  18 U.S.C. § 3142(g).

The Court finds that the government has met its burden of showing that there are no conditions or combination of conditions that would reasonably ensure the safety of the community and Mr. McCoy's appearance as required.  In particular, the Court finds that the substance of Mr. Billingslea's testimony and the Pretrial Services Report gives the Court serious concern that Mr. McCoy would comply with any conditions imposed by the Court.

For all these reasons, the Court concludes that no condition or combination of conditions of bond will reasonably ensure the safety of the community.  Accordingly, the Court will grant the government's motion for detention.  Therefore,

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of Mr. McCoy is granted;

2. Mr. McCoy is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

3. Mr. McCoy shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which Mr. McCoy is confined shall deliver his to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: August 4, 2020            *s/Jon T. Huseby*
                                 Honorable Jon T. Huseby
                                 United States Magistrate Judge